' MEMORANDUM *
On the federal claim certified for appeal to this court, Petitioner contends that sufficient evidence did not support his second-degree robbery conviction on an aiding and abetting theory. Reviewing the last reasoned state court decision, see Cannedy v. *619 Adams, 706 F.3d 1148, 1159 (9th Cir.2013) cert. denied, - U.S. -, 134 S.Ct. 1001, 187 L.Ed.2d 863 (2014), we note that the California Court of Appeal rejected this federal claim. We owe deference to the Court of Appeal’s decision under 28 U.S.C. § 2254(d), because it was not “contrary to,” and did not “involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” nor did it “result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d); see also Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).
Here, a car registered to Jones was parked adjacent to the gas station that was robbed, and there was evidence from which a rational jury could infer that Jones was in the car, poised for getaway, at the time of the robbery; that it was his car and he provided it to aid the planned robbery; and that he intended that the robbery succeed. Although he introduced some evidence he had sold the car to a person who testified at trial and was impeached, the jury was not required to believe her testimony. Further, a rational jury could infer that after the robbery Jones showed consciousness of guilt by taking actions to distance himself from the car. There was sufficient evidence to support Jones’s conviction for aiding and abetting the robbery, because a rational jury could have found all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Moreover, in this context of a state prisoner challenge by habeas corpus petition, we owe the state court “double deference.” Boyer v. Belleque, 659 F.3d 957, 964 (9th Cir.2011); Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir.2005). We cannot say that the state court determination of sufficient evidence was objectively unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.